**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**VICTOR THOMAS and ROSIE THOMAS,**
**both Individually and  as Guardian and**
**next friend of J.M., a minor, and Administrator**
**of the estates  of Jordin Mays and Kellsie Thomas**                    **PLAINTIFFS**

**VS.**                                        **5:17-CV-00332-BRW**

**GENERAL MOTORS LLC and**
**ALL-STAR CHEVROLET**                                               **DEFENDANTS**

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 11).  Plaintiff has responded.[1]  For

the reasons set out below, the motion is DENIED.

**I.      BACKGROUND**

According to the complaint Victor Thomas, an Arkansas resident, purchased a 2008

Chevrolet Malibu in 2008.  The vehicle, which was manufactured by Defendant General Motors,

was sold by All-Star Chevrolet, which is in Greenville Mississippi.

The Complaint alleges that "d]ue to design, manufacturing, and warning defects and acts

of negligence and breaches on the part of [General Motors], the . . . vehicle malfunctioned on

April 18, 2015" killing two people and injuring a third person.[2]  The accident happened in

Arkansas and all the people in the vehicle were from Arkansas.

**II.      DISCUSSION**

Defendant points out that the claims against All-Star Chevrolet are based on the fact that

it was the seller of the vehicle.  However, there is a conflict between Mississippi and Arkansas

---

[1]Doc. No. 23.

[2]Doc. No. 2.

law on the liability of a seller.  Under Mississippi law, All-Star is an "innocent seller" and could not be liable under the facts, as alleged.  Under Arkansas law, a seller of a vehicle may be liable in a product liability action.  This conflict requires a choice-of-law analysis.

In Arkansas, a choice-of-law analysis requires consideration of "the *lex loci delicti* rule within the framework of the five Leflar factors: '(1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law.'"[3]

The first factor "is primarily aimed at avoiding forum shopping and ensuring uniform results," which is not an issue in this case.[4]  "In most tort cases, this factor is of little importance because automobile collisions and other accidents are unplanned and have no bearing on the injury."[5]  The second factor is not an issue because "[p]arties are unlikely to seek out Arkansas to undertake tortious behavior and thereby upset interstate order based on whether Arkansas or [Mississippi] law applies in this case."[6]  The third factor also does not weight one way or the other in this case.  Finally, the fifth factor, which "is aimed at avoiding the application of unfair or archaic laws," is not an issue here.[7]

This leaves only the fourth factor – advancement of the forum's governmental interests – and the *lex loci delicti* rule, both of which weigh in favor of Arkansas law.  Again, this case involves Arkansas citizens who were injured when components on their car allegedly

_____

[3]*Miller v. Pilgrim's Pride Corp.*, 366 F.3d 672, 674 (8th Cir. 2004) (citation omitted).

[4]*Id.*

[5]*Lee v. Overbey*, No. 08-2115, 2009 WL 2386095, at *1 (W.D. Ark. July 31, 2009).

[6]*Miller*, 366 F.3d at 674.

[7]*Id.* at 675.

malfunctioned in Arkansas.  Additionally, Arkansas has a strong interest in protecting its citizens who are victims of torts.  And this interest would be stronger than protecting non-residents alleged to have committed a tort.

**CONCLUSION**

Based on the findings of facts and conclusions of law above, Defendant's Motion to Dismiss (Doc. No. 11) is DENIED.

IT IS SO ORDERED this 9th day of February, 2018.

/s/ Billy Roy Wilson _____
UNITED STATES DISTRICT JUDGE